[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the State seeking the forfeiture of a 2002 Chevrolet Coupe and $380.00 in United States currency seized as a result of an investigation which resulted in the arrest of George Watmough (the defendant).
The defendant's arrest occurred immediately upon the execution of a search and seizure warrant on May 3, 2002, by officers of the Milford Police Department. Prior to the issuance of the search and seizure warrant on April 30, 2002, the defendant had met with and sold a quantity of marijuana and a prescription narcotic pill to a person who was a confidential informant (CI) of the police. These events took place on two occasions; once during the week of April 8, 2002 and the second during the week of April 15, 2002. The defendant was operating the subject 2002 Chevrolet Coupe on each of these occasions. These activities of the defendant together with other background provided the investigating officers with sufficient probable cause to seek and obtain the search and seizure warrant.
The search and seizure warrant dated April 30, 2002 authorized the search of the "2002 Chevrolet model Cavalier coupe color black bearing Connecticut registration #957-NJG vehicle identification #1g1JHiZT827135255" and the person of "George Watmough, DOD 10/20/84, white male, approximately 5'7", 140 lbs, brown hair, brown eyes.". The warrant directed the officers to seize "Marijuana, grinders, packaging material, glassine envelopes/bags, weighing scales, prescription medications not in the name of George Watmough, pills, monies, all financial records, safes, documentation of residence, records of transactions, photos, cellular phones, beepers/pagers, and police scanners. Also, rifles, shotguns, handguns, and ammunition."
On May 3, 2002, the defendant, when stopped by Milford police officers was once again operating the 2002 Chevy Cavalier. At that time the search CT Page 1283 and seizure warrant was executed and the defendant was arrested and charged with violations of Connecticut General Statutes § 21a-279 (c) Possession of Marijuana; Possession of Marijuana with Intent to Sell § 21a-277 (c); Operation of a drug factory and possession of weapons in a Motor Vehicle, the charges were predicated on the officers finding the following items within the subject motor vehicle:
 "One (1) sandwich bag with seven (7) smaller bags of suspected marijuana weighing 1.1 gm and two (2) smaller bags of suspected marijuana containing 2.1 gm, and one (1) glass smoking pipe tag #57294
 One (1) set of brass knuckles, three (3) sandwich bags with suspected marijuana residue, two ziplock bags with hundreds of smaller empty ziplock bags, three philly blunt cigars, one (1) RiteWeight digital scale tag #57295
 One (1) film canister with suspected marijuana residue, one (1) pack E-Z wider cigarette rolling papers, one (1) bag containing 27.0 grams of suspected Marijuana and a small empty ziplock bag tag #57296
$380.00 U.S. currency tag #57297
One Nokia model #8260 cellular telephone tag #57298"
The 2002 Chevy Cavalier the defendant was operating was seized and impounded.
Thereafter, on July 31, 2002, the State of Connecticut filed a petition for forfeiture pursuant to Connecticut General Statutes § 54-36h
seeking forfeiture of the 2002 Chevrolet and $380. in United States currency.
The hearing in this matter was held before this court on January 6, 2003. The Court heard testimony from Detective William Lugo and Detective Steven Wydra on behalf of the State and from Doreen Watmough, the mother of the arrestee, George Watmough.
The illegal activities of the arrestee with respect to the possession and sale of marijuana were established by the testimony of the officers. The contraband and other items located in the motor vehicle at the time of the defendant's arrest and seizure of the motor vehicle serve to corroborate the testimony of the officers as to the defendant's illegal activities. CT Page 1284
While the defendant was the operator of the motor vehicle each time he was observed by Detective Lugo, the defendant's mother Doreen Watmough, is in fact the owner of this automobile. Testimony established that she purchased this automobile in November 2001 with funds from a joint account with her mother. The arrestee did not contribute toward the purchase price. Additionally, Doreen Watmough is the documented owner on the Certificate of Title issued by the Department of Motor Vehicles as well as being the named insured on the automobile insurance policy. Her son is an authorized driver on this policy.
Ms. Watmough testified that she alone paid for the insurance and that she would usually pay for the gas. She also testified that she purchased this car because the family needed a second car. Her son's permitted usage was to go to school, take himself and his sister to work, doctors appointments and occasional shopping for his mother. She also planned to allow her daughter to use this vehicle when she obtained her operator's license later in 2002.
On May 3, 2002, the day of the seizure of the vehicle, she gave her son permission to use the car and she understood that he was going to the mall to purchase some clothing and he was to stop at Stop and Shop for her as well. She testified that she had no knowledge or any reason to suspect her son was using the car for his illegal activities and had she known that her son was selling drugs she would not have condoned such conduct.
While her son had an earlier arrest for possession of marijuana, she knew he had been a user of marijuana but she did not know that he was a seller. She testified that he never left any indicia of his activities around the house. Additionally, as a consequence of his earlier arrest for possession, she grounded him and kept him home for a while. She thought the problem of his usage was solved. He claimed he was not doing it anymore.
The claim of the State is that the subject property (2002 Chevrolet and $380.00 in U.S. currency) is subject to forfeiture in that it is:
 1. Money used, or intended for use, in the procurement, manufacture, compounding, processing, delivery or distribution of any controlled substance, as defined in subdivision (9) of General Statutes § 21a-240 or;
2. Property constituting the proceeds obtained, directly or indirectly, from any sale or exchange of any controlled substance in violation of General CT Page 1285 Statutes §§ 21a-277 or 21a-278 or;
 3. Property derived from the proceeds obtained, directly or indirectly, from any sale or exchange for pecuniary gain of any controlled substance in violation of General Statutes §§ 21a-277 or 21a-278 or;
 4. Property used or intended for use, in any manner or part, to commit or facilitate the commission of a violation for pecuniary gain of General Statutes § 21a-277 or 21a-278.
Further, the state argues that the arrestee's mother, Doreen Watmough, should be viewed by the court as merely a straw owner of the vehicle and that her son by virtue of his almost exclusive possession and control was, in fact, the owner.
The burden of the state in these in rem civil suits in equity is to prove all material facts by clear and convincing evidence. Connecticut General Statutes §54-36h (b). This statutorily proscribed standard is a greater standard than the ordinary preponderance of the evidence standard applied in civil actions. This legislative approach is appropriate and serves as a legislative recognition that the sanction of forfeiture must be strictly construed to protect fundamental constitutional rights. State of Connecticut v. DennisChampagne, 206 Conn. 421, 430 (citations omitted, 1988)
The clear and convincing standard of proof has been defined by our Supreme Court as requiring a conclusion by the fact finder that the probability that something is so, is substantially greater than the probability that it is not so. Norman F. Dacey v. Conn. Bar Assoc.,170 Conn. 520 (1976) (emphasis added).
The testimony and documentation in this case clearly establish Doreen Watmough as the owner of the 2002 Chevrolet Cavalier. Her son's repetitious usage of this motor vehicle does not meet the burden of the state to prove the contention by clear and convincing evidence that he is the de facto owner of this vehicle.
This conclusion leads to the second issue to be CT Page 1286 considered; namely, whether or not Doreen Watmough, as the owner of the motor vehicle, knew or should have reasonably known that the motor vehicle was being used or intended to be used in criminal activity by her son. Connecticut General Statutes § 54-36h (c).
Detective Lugo did testify that Doreen Watmough had on an earlier occasion told another Milford Police officer that she had concerns about her son's behavior and activities. These concerns were expressed after her son's earlier arrest for possession of marijuana. Detective Lugo also stated that she told him that the car belonged to her son and that the arrestee told Detective Lugo that the car was his after his arrest upon execution of the search and seizure warrant. Doreen Watmough testified that she never stated that the car belonged to her son and it was never intended to be given to him at least not at that time.
The credible testimony of Detective Lugo clearly established the illegal conduct of the defendant George Watmough, as observed on two occasions during the month of April 2002. Additionally, the contraband and other related items found in the automobile upon execution of the search and seizure warrant on May 3, 2002 further corroborate the defendant's illegal activities. However, these facts, while persuasive as to his activities, do not clearly and convincingly prove that his mother knew or should have reasonably known of his criminal activities. Such an inference cannot be reasonably concluded especially in light of the equally credible testimony of the defendant's mother regarding her son and the car.
Such is not the case with respect to the $380.00 in currency which was seized from the person of the defendant upon execution of the search and seizure warrant. While the defendant's mother testified that on May 3, 2002, she had given the defendant some money for clothing and to go to Stop Shop for her, no amount was specified. Additionally, this large sum in his possession viewed in the context of his earlier illegal selling activities and the contraband in the automobile at the time of his arrest clearly and convincingly proves that this sum of cash is related to the illegal CT Page 1287 sale or exchange of controlled substances.
The 2002 Chevrolet Coupe, VIN #1G1JH1T827135255, is ordered returned to the owner, Doreen Watmough, and the $380.00 in United States currency is forfeited to the State of Connecticut.
THE COURT
___________________ RONAN, J. CT Page 1288